UNITED STATES BANKRUPTCY COURT
DISTRICT OF PUERTO RICO

| IN RE: | CASE NO.: 22-01893-ESL |
|---|---|
| SEBASTIAN NEGRON TORRES | CHAPTER 13 |
| DEBTOR | |

## MOTION IN COMPLIANCE WITH ORDER

**TO THE HONORABLE COURT:**

**COMES NOW**, DEBTOR, through the undersigned attorney and respectfully, STATES, ALLEGES AND PRAYS:

1. This Honorable Court issued an order requesting the Debtor evidence to rebut the presumption of bad faith considering recent changes as to Debtor's financial situation and considering this is Debtor's second petition within one year.

2. Debtor filed a motion on June 30, 2022 under section 362 (c) (3) (B) requesting an order continuing the automatic stay under 362 (a) as to all creditors.

3. In the mentioned motion Debtor stated that the prior case had been dismissed because of arrears to the chapter 13 plan and that the 341 meeting of creditors had not been held because Debtor lost his social security identification. Due to the beforementioned Debtor could not appear at the meeting of creditors. No other reason caused Debtor's failure to appear at the meeting of creditors.

4. Debtor also stated in his motion for continuation of stay that he had a new job with a higher salary and that he also had a new social security card.

5. Creditor filed an opposition to Debtor's motion alleging that:

    (i) Debtor has not shown good faith in his second filing

Motion in compliance with order

    (ii)    how a better job will assist him in paying an increase plan of only $15 compared to his previous plan with he defaulted.

    (iii)    the 341 meeting of creditors was held on 6 occasions without previous notice until the date and hour scheduled for the 341 meeting of creditors and because of Debtors not having his social security card.

    (iv)    that Debtor and Debtor's wife prior case income was $ 5,333.35 with 2 daughters and now his income is $6,833.34 a difference of $1,479.36 yet the plan only increases by $15.00 a month.

**PRIOR CASE 21-03391**

6. Debtor's prior case was field on November 16, 2021 and dismissed on April 18, 2022.

7. The reason for Debtor's filing was that Debtor had a debt with the Department of Treasury and there was a possible attachment to his income.

8. In Debtor's schedule A and B it shows that Debtor has no real property, no inheritance. Debtor only has a 2016 Mini Cooper owed to Banco Popular of Puerto Rico and a bank account with Firstbank of Puerto Rico.

9. Debtor schedule I shows an income with Surgical Nutrition with a net amount of $2,000.00 and Debtor's spouse income in Kinesis shows a net income of $3,333.00.

10. Debtor's payment plan provided to pay $460.00 a month for 60 months.

11. Debtor's first meeting of creditors was scheduled for December 22, 2021. Because Debtor did not have his social security identification the meeting was

Motion in compliance with order

rescheduled by the Trustee for January 18, 2022. Because Debtor was unable to get his social security card for the January 18, 2022 meeting of creditors the same was rescheduled for two additional dates, February 9, 2022 and March 8, 2022. The Trustee's only remarks as shown in the 341 minutes were that the plan had to be amended because it was insufficiently funded, and Debtor had to amend schedule B to include the make of Debtor's vehicle. On March 10, 2022 the Trustee's filed a motion to dismiss alleging that Debtor had not commenced payments and had failed to appear at the meeting of creditors.

12. As to the Trustee's allegation for failure to appear at the meeting of creditors in paragraph 3 of this motion Debtor addresses the Trustee's allegation. In addition the social security identification was not available because the main offices of the social security were not opened. After Debtor visited the offices of the social security in several occasions finally in April they reopened and were able to give Debtor a personal appointment to request his social security card which he did and received in April 2022. As to the Trustee's allegation that Debtor failed to commence payments, Debtor made 2 payments to the Trustee. By March, when the Trustee's motion to dismiss was filed Debtor had made 2 payments.

13. Because of the failures mentioned the case was dismissed. Primarily because Debtor could not receive his social security card and thus appear at the meeting of creditors. As to the payments, if the case had not been dismissed Debtor would have been current and a motion for reconsideration would have been filed. The reason being that in April 2022 when the case was dismissed Debtor should have

3

Motion in compliance with order

paid the amount of $2,300.00 and Debtor had 2 payments and had 3 more payments available to cure the arrears.

**SECOND CASE 22-01893**

14. Debtor's second bankruptcy petition was file on June 29, 2022. As of this day Debtor had made the plan payment of July 2022 on August 2022. Attach is copy of August 2022 payment.

15. Therefore, Debtor had one prior bankruptcy case pending in the year his second case was filed. Consequently, pursuant to 11USC 362 (c) (3) (a) the automatic stay terminates in the 30th day after filing of the second case.

16. Debtor filed a motion for continuance of the stay beyond the 30 days.

17. Section 362 (c) (3) (b) provides:

> on the motion of a party in interest for continuation of the automatic stay and upon notice and a hearing, the court may extend the stay in particular cases as to any or all creditors (subject to such conditions or limitations as the court may then impose) after notice and a hearing completed before the expiration of the 30–day period only if the party in interest demonstrates that the filing of the latter case is in good faith as to the creditors to be stayed[.]

18. Creditor, Roberto Lopez, objected Debtor's motion for continuance of stay. No creditors objected to the Motion. The issue, then, is whether this case was filed in good faith as to the mentioned Creditor. Section 362 also contains a rebuttable presumption that a filing is not in "good faith": a case is presumptively filed not in good faith (but such presumption may be rebutted by clear and convincing evidence to the contrary).

19. This Section 362 (c) (3) (C) (i) (I) and (II) states that:

4

Motion in compliance with order

    (i) as to all creditors, if— (I) more than 1 previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was pending within the preceding 1–year period; (II) a previous case under any of chapters 7, 11, and 13 in which the individual was a debtor was dismissed within such 1–year period, after the debtor failed to— (aa) file or amend the petition or other documents as required by this title or the court without substantial excuse (but mere inadvertence or negligence shall not be a substantial excuse unless the dismissal was caused by the negligence of the debtor's attorney); (bb) provide adequate protection as ordered by the court; or (cc) perform the terms of a plan confirmed by the court; or (III) there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case under chapter 7, 11, or 13 or any other reason to conclude that the later case will be concluded— (aa) if a case under chapter 7, with a discharge; or (bb) if a case under chapter 11 or 13, with a confirmed plan that will be fully performed; and (ii) as to any creditor that commenced an action under subsection (d) in a previous case in which the individual was a debtor if, as of the date of dismissal of such case, that action was still pending or had been resolved by terminating, conditioning, or limiting the stay as to actions of such creditor.

20. Section 362 (c) (3) (C) (i) (I) and section 362 (c) (3) (C) (i) (II) are not relevant taking into consideration the facts of this case. There were not more than 1 previous case in the preceding one-year period and this Honorable Court never ordered in the previous case adequate protection payments, the Debtor did not fail to file documents or amend its petition as required by the code or the court and the Debtor did not fail to perform under the confirmed plan.

21. If any of the listed events arise there is rebuttable presumption of bad faith, and it must be rebutted by clear and convincing evidence. If there is no presumption of bad faith under section 362 (c) (3) (C) (i) or (ii) the burden of establishing good

Motion in compliance with order

faith is under the preponderance of the evidence. <u>In Re Castaneda (2006),</u> 342 B.R. 90

22. The issue becomes as argued by the Creditor whether the Debtor acted in good faith and whether there has been a change in financial circumstances and if there is reason to conclude that the Debtor will comply with the confirmed plan.

**FACTS**

23. Debtor's second petition was filed because Debtor, even though he had the payments available to file a reconsideration of the dismissal of the previous case and had his social security card available he feared an income attachment by the Department of Treasury and feared an income attachment by Creditor Roberto Lopez who had already filed a collection of monies action in State Court and had an order of attachment of wages against Debtor. At that time, a second filing will stay any attachment. Under a reconsideration of a dismissed case usually Creditors continue their collection efforts. Attached are copy of Mandamiento Sobre Ejecución De Sentencia on June 23, 2022 and Requerimiento Sobre Embargo de Salario on July 6, 2022.

24. In this second case, Debtor's has financial circumstances have changed which allows Debtor to pay his chapter 13 plan and comply with the plan. Debtor currently has 2 jobs. In Debtor's previous case Debtor worked as a vendor of pharmacies' products earning only a net income of $2000.00. As mentioned, Debtor's wife earned a net income of $3,333.00. When Debtor's second petition was filed Debtor had a new job with Paragon Meds as a vendor of pharmaceutical products over the counter earning a net income of $3,150.01 but still had his previous job which he had decided to leave because it was in conflict in terms of

6

Motion in compliance with order

Debtor's working hours, and it conflicted with his new job. However, when Debtor conferred with his prior employer as to his new job and his decision of leaving his previous job, Debtor kept his prior job since it is compatible with his current job. Therefore, Debtor's changed circumstances came within the 30-day period when the stay was still in effect which was at the time of filing of the petition. Debtor's personal and financial affairs have improved substantially since the dismissal of his prior case.

25. Debtor's change in circumstances comes in his income. Debtor's current net income is $5,588.41, $3,150.01 from Paragon Med and $2,088.40 from Surgical Nutrition plus his wife's net income of $2,501.05 for a total amount of take-home income of $8,089.46 compared with the previous case take home income of $4,253.55. Now the net income shows an increase of $3,835.91 which allows the Debtor to amend his plan to make plan payments of $1,055.00 instead of $475.00 which is more than a merely $15 increase from the plan filed in the previous case. It is an increase of 43% compared with the previous plan payment.

26. In this case the Debtor has met the 3 requirements of 362 (c)(3) (b) the fourth one is finding that the Debtor filed his case in good faith as to all creditors. In deciding good faith, the Court looks to the totality of circumstances.

> "totality of circumstances" test for determining whether a debtor filed a chapter 13 case in good faith includes: 1) whether debtor misrepresented facts in the petition or the plan, unfairly manipulated the Code or otherwise filed the current chapter 13 plan or petition in an inequitable manner; 2) debtor's history of filings and dismissals; 3) whether debtor only intended to defeat state court litigation; and 4) whether egregious behavior is present…
> Similarly, the totality of circumstances includes that the Debtor is not a repeat filer in the traditional sense. There is no evidence of any misrepresentations of fact, unfair manipulation of the Code or any other inequitable or

7

Motion in compliance with order

egregious behavior. To the contrary, Debtor made all her plan payment until she encountered circumstances beyond her control. There is nothing to suggest bad faith. In Re Castaneda (2006)

27. The evidence in this case shows that the Debtor was a victim of the circumstances that were beyond his control based of the circumstances to get his social security card. Debtor is hard working who by having two jobs has tried to improve his financial situation. Also, his decision to start a new case shows a desire to complete the plan and payoff the balance of his car owed to BPPR.

28. Moreover, there is no active attempt by the Debtor to evade or delay the payment of creditors in an unlawful way including, Creditor Roberto López González. The use of the Bankruptcy Code to obtain relief is specifically authorized by the Code.

29. Creditor's motion in opposition to extending the stay beyond the 30 day period does not show any circumstances of bad faith. Not having his social security card which was not available as stated is not under the control of the Debtor is not evidence of bad faith. There were not six meeting of creditors. Four meetings were rescheduled all because of the unavailability of the social security offices to provide his card in an expeditious manner and not because of Debtor's unwillingness to appear at the schedule meeting of creditors.

30. Moreover, Creditor has not shown evidence of misrepresentation of facts, unfair manipulation of the Code or any other egregious behavior. Because of this there is no evidence to suggest that Debtor's second case has been filed in bad faith.

31. As to changes in Debtor's financial situation, the Debtor has shown the clear, direct, and weighty fact that his income has increased and that the plan has also increased 43 percent.

Motion in compliance with order

32. Creditor can argue that some of his expenses have increased but Creditor should note that also did the plan. Furthermore, Debtor can encounter situations where the expenses can increase such as now that Debtor has expenses related to his daughter's education specifically in her first year in a university in the United Sates, expenses that cannot be compared to educational expenses in high school. This kind of fact does not amount to bad faith behavior or manipulation of expenses to pay less to the unsecured creditors.

33. In conclusion Debtor has shown that his second filing has not been filed in bad faith and that the stay can be extended by this Honorable Court during the duration of the case.

**WHEREFORE,** it is respectfully requested from this Honorable Court to take notice of Debtor's compliance with this Honorable Court's order and to Order the extension of the automatic stay for the duration of Debtor's chapter 13 case as to all Creditors including Creditor Roberto López González.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY:** that on this same date, I electronically filed the above document with the Clerk of the Court using the CM/ECF Filing System which sends notification of such filing to all those who is this case have registered for receipt of notice by electronic mail. I further certify that the foregoing has been served to U.S. Trustee at ustpregion21.hrecf@usdoj.gov and by depositing true and correct copies thereof in the United States Mail, postage prepaid, to the non ECF/CM participants: Debtor(s) and the mailing address of record.

Motion in compliance with order

**RESPECTFULLY SUBMITTED,**

In San Juan, Puerto Rico, this 30th day of August 2022.

/S/Víctor C. Thomas Santiago
**Thomas & Magriñá Law Offices**
*USDC PR 209807*
127 de Diego Avenue,
Cond. Vallecillo Apt. 1-A
San Juan, Puerto Rico 00911
Tel. (787) 722-5601
Email: *vthomas@thomasmag.com*



ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

| | |
|---|---|
| **ROBERTO LÓPEZ GONZÁLEZ** DEMANDANTE vs. **SEBASTIAN NEGRON TORRES**, su esposa, **ISABEL GARCIA MOREAU** y la Sociedad de Bienes Gananciales compuesta por ambos DEMANDADOS | **CIVIL NÚM:** SJ2020CV03615 **SOBRE:** COBRO DE DINERO REGLA 60 DE LAS REGLAS DE PROCEDIMIENTO CIVIL DE 2009, SEGÚN ENMENDADA |

## REQUERIMIENTO SOBRE EMBARGO DE SALARIOS

A: Kinesis It Academy, Inc
Professional Offices Park II – Suite 101
1001 Calle San Roberto, San Juan, PR 00926
Tel.: (787) 772-8269

Sírvase quedar notificado por medio del presente requerimiento, que el Alguacil que suscribe ha procedido a embargar a solicitud de la parte demandante y con el propósito de ejecutar la Sentencia recaída a su favor y en contra de la parte demandada, SEBASTIAN NEGRON TORRES, su esposa, **ISABEL GARCIA MOREAU** y la Sociedad de Bienes Gananciales compuesta por ambos, el venticinco porciento (25%) del salario neto devengado como empleado o por servicios prestados.

El embargo en cuestión ha sido efectuado en cumplimiento de un Mandamiento de Embargo expedido por la secretaría del Tribunal de Primera Instancia, Sala de San Juan.

Se advierte que de no dar cumplimiento a lo aquí expuesto, podrá ser sancionado de acuerdo con la ley.

En _____S. Juan_____, Puerto Rico, a _6_ de _Julio_ de 2022.

_____
ALGUACIL
#415

ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE PRIMERA INSTANCIA
SALA DE SAN JUAN

| | |
|---|---|
| ROBERTO LÓPEZ GONZÁLEZ<br>DEMANDANTE<br><br>Vs.<br><br>SEBASTIAN NEGRON TORRES, su esposa, ISABEL GARCIA MOREAU y la Sociedad de Bienes Gananciales compuesta por ambos<br>DEMANDADOS | CIVIL NÚM: SJ2020CV03615<br><br>SOBRE: COBRO DE DINERO REGLA 60 DE LAS REGLAS DE PROCEDIMIENTO CIVIL DE 2009, SEGÚN ENMENDADA |

**MANDAMIENTO SOBRE EJECUCIÓN DE SENTENCIA**

AL ALGUACIL DEL TRIBUNAL
SALA DE SAN JUAN
TRIBUNAL DE PRIMERA INSTANCIA
TRIBUNAL GENERAL DE JUSTICIA DE PUERTO RICO:

**POR CUANTO:** VISTA la Solicitud de Ejecución de Sentencia presentada por la parte demandante, el Tribunal accede a lo solicitado y le ordena al Secretario del Tribunal que expida el (los) mandamiento(s) correspondiente(s) para que el Alguacil proceda a embargar los suficientes bienes muebles e inmuebles que fueren necesarios para responder con las sumas establecidas en la Sentencia, esto es $6,200.00 más el 6.50% de interés del tipo legal sobre la cuantía de la Sentencia desde la fecha en que ésta se dictó 9 de julio de 2021, hasta que la misma sea satisfecha, las costas y gastos del litigio, más el pago de $1,000.00 por concepto de honorarios de abogados, sin ninguna otra imposición

**POR CUANTO:** Se le ordena a usted señor Alguacil que requiera de los bienes pertenecientes a la parte demandada, **SEBASTIÁN NEGRON TORRES, SU ESPOSA, ISABEL GARCÍA MOREAU y la Sociedad de Bienes Gananciales compuesta por ambos** que se encuentran en su poder, y/o que se encuentren dentro de la jurisdicción del Estado Libre Asociado de Puerto Rico y obran tanto en su poder, como en poder de terceras personas a los efectos de llevar a cabo el embargo en Ejecución de Sentencia solicitado por el demandante durante y/o fuera de horas laborables de ser necesario. Además se le ordena a usted señor Alguacil que de encontrar alguna caja de caudales propiedad de la parte demandada, de ser necesario, proceda a romper, abrir por los medios que fueren, embargando la misma y todo cuanto dentro de ésta se encuentre y la Ley lo permita.

**POR CUANTO:** Se aprueba el depositario judicial designado por la parte demandante en la Solicitud de Ejecución de la Sentencia a el Sr. **Carlos Lopategui Jusino, Calle Weser 147, Río Piedras Heights, San Juan, Puerto Rico 00926.**

**POR CUANTO:** En este caso se dictó **ORDEN** de Ejecución de Sentencia a favor de la parte demandante el 16 de junio de 2022.

El Alguacil entregará al Secretario el Mandamiento debidamente diligenciado y cualquier sobrante que tenga en su poder dentro del término de 15 días a partir de la fecha en que se lleve a cabo la Ejecución de Sentencia.

POR ORDEN DE LA HONORABLE Cristina E. Suau González, JUEZ de este tribunal,

expido el presente en San Juan, Puerto Rico, hoy __23__ de __junio__ de 2022.

GRISELDA RODRIGUEZ COLLADO
SECRETARIO (A) REGIONAL
POR: f/ IRIS OLIVO NUÑEZ
SECRETARIA DE SERVICIOS A SALA

